

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

| LETITIA JAMES | | DIVISION OF STATE COUNSEL |
| ATTORNEY GENERAL | | LITIGATION BUREAU |

Writer's Direct Dial: (212) 416-8661

September 1, 2022

By ECF
The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   Corbett v. Hochul.; S.D.N.Y., 22-cv-5867

Dear Judge Schofield:

     This Office represents the Defendant, Governor Kathy Hochul, in the above-captioned action wherein Plaintiff challenges the constitutionality of the recently enacted Concealed Carry Improvement Act (the "CCIA"). The CCIA amended New York State's firearms licensing laws to comply with the Supreme Court's decision in *NYSRPA v. Bruen*, 142 S.Ct. 2111 (2022) and, at the same time, to enact reforms protecting New Yorkers from those who would use firearms irresponsibly.

     On August 22, 2022, Plaintiff moved for a preliminary injunction against three requirements of the CCIA. The Governor writes to respectfully request (1) an increase in the page-limit of her memorandum of law from 25 to 50 pages and an increase in the number of exhibits permitted from 15 to 30; and (2) an adjournment of her deadline to oppose Plaintiff's motion from September 5, 2022 to September 12, 2022. This extension need not postpone the Court's preliminary injunction hearing scheduled for September 28, 2022. Plaintiff opposes Defendant's request to increase page limits because "[t]he judge went out of the way to make clear they wanted briefs within normal limits. Fifty pages of history should not be required to show 1 historical analog to each of the 3 challenged rules." Plaintiff does not oppose Defendant's adjournment request "so long as the hearing is not postponed."

     Plaintiff's motion should be denied (and this action ultimately dismissed) on threshold issues, including his lack of standing and the Governor's Eleventh Amendment immunity from this lawsuit. However, in an abundance of caution—and because the CCIA is critical to public safety—the Governor also intends to oppose Plaintiff's motion on the merits. Consistent with the Court's rulings in *Bruen*, the Governor will show that each of the challenged requirements are

The Honorable Lorna G. Schofield
September 1, 2022
Page 2

firmly grounded in centuries of law and tradition, relying upon numerous "historical analogues" from the Colonial, Founding, and Reconstruction eras to do so. 142 S.Ct. at 2133. The extra pages and exhibits are needed for this detailed historical analysis.

The Governor requests a one-week adjournment of her opposition deadline to allow sufficient time to finalize this analysis and also to evaluate the 78-page decision in *Antonyuk v. Bruen*, 22-cv-0734 (N.D.N.Y.), ECF No. 48, issued yesterday evening, in which the court dismissed an action challenging the CCIA for lack of standing, but critiqued certain aspects of the law in *dicta*.

Defendant proposes the following schedule:

| Event | Original Deadline | Proposed Adjourned Deadline |
|---|---|---|
| Defendant's Opposition to Plaintiff's Preliminary Injunction Motion | September 5, 2022 | September 12, 2022 |
| Plaintiff's Reply Papers | September 12, 2022 | September 19, 2022 |
| Preliminary Injunction Hearing | September 28, 2022 | September 28, 2022 (or whatever date suits the Court) |

Thank you for Your Honor's consideration of these requests.

Respectfully submitted,

_____/S/_____
Todd A. Spiegelman, Esq.
Assistant Attorney General

cc:     Plaintiff *pro se* (via ECF)