

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES  
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL  
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8661

September 7, 2022

By ECF  
The Honorable Lorna G. Schofield  
United States District Court  
Southern District of New York  
500 Pearl Street  
New York, NY 10007

Re:  Corbett v. Hochul.; S.D.N.Y., 22-cv-5867

Dear Judge Schofield:

Pursuant to the Court's Order dated August 1, 2022, Plaintiff Jonathan Corbett and Defendant Governor Kathy Hochul respectfully submit this joint letter in advance of the initial pretrial conference scheduled for September 14, 2022 at 4:00 p.m. A Civil Case Management Plan is attached to this letter in accordance with the Court's Individual Rules and Procedures for Civil Cases.

**(1) Statement of the Case**

**Joint Statement:** Plaintiff challenges the constitutionality of the recently enacted Concealed Carry Improvement Act (the "CCIA"), which imposes requirements for obtaining a concealed carry handgun license in New York State, including *inter alia*, requirements that applicants submit (1) four character references; (2) a list of social media accounts; and (3) certification of completion of certain training requirements. Plaintiff asserts that one or more of these requirements violate the First, Second, and Fourteenth Amendments to the U.S. Constitution. Plaintiff seeks declaratory and injunctive relief, costs, and attorney's fees.

**Plaintiff's Statement:** In order for the government to prevail, the burden is upon it to demonstrate a historical analog to these requirements within our nation's tradition of the regulation of firearms, or at the least to demonstrate that its criteria are "narrow, objective, and definite standards" to ensure that only law-abiding, responsible citizens may be armed. The challenged laws are none of these, but a naked attempt to reduce the number of citizens licensed to carry by offering the same variety of great discretion provided by the state's recently-struck "proper cause" requirement.

**Defendant's Statement:** Plaintiff alleges that he applied to the New York City Police Department ("NYPD") Licensing Division for a concealed carry license on April 14, 2022. Compl. ¶ 12. Plaintiff does not claim that the Governor has any role in reviewing or deciding his license application. Rather, he alleges that Governor Hochul is the "chief executive of the laws of the state;" that she publicly criticized the Supreme Court's decision in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022), striking down New York's "proper cause" requirement for concealed carry licenses; and that she quickly convened an extraordinary session of the State Legislature to enact the CCIA. Compl. ¶¶ 8, 26-27.

As further set forth in Defendant's pre-motion letter, Plaintiff lacks standing to bring suit against Governor Hochul. Plaintiff's purported injuries are fairly traceable only to the NYPD— the local licensing officer that is reviewing his application—and not to the Governor, who has no role in the licensing process. *See Libertarian Party of Erie Cnty. v. Cuomo*, 970 F.3d 106, 122 (2020), *abrogated on other grounds by Bruen*, 142 S. Ct. 2111 (affirming dismissal of claims against the Governor because plaintiffs' injuries were fairly traceable only to the local licensing officers that denied their firearms applications). Moreover, the Governor is immune from this suit under the Eleventh Amendment to the U.S. Constitution. The narrow *Ex parte Young* exception permits suits for injunctive relief only where the official being sued has "some connection with the enforcement of the act," *Ex parte Young*, 209 U.S. 123, 157 (1908), whereas here the Governor has no such connection. Lastly, to the extent that Plaintiff objects to the Governor's role in introducing and enacting the CCIA, her actions are protected by absolute legislative immunity, which extends to executive branch officials "when they perform legislative functions" such as introducing and signing proposed legislation. *Bogan v. Scott Harris*, 523 U.S. 44, 55 (1998). The Governor's comments about the CCIA are immaterial and clearly do not abrogate her immunity because "courts may not consider a defendant's motives when assessing the legislative nature *vel non* of his actions." *State Emps. Bargaining Coal. v. Rowland*, 494 F.3d 71, 90 (2d Cir. 2007).

Even if the Court were to reach the merits, the challenged character reference and social media disclosure provisions are plainly constitutional because they "are designed to ensure only that those bearing arms in the jurisdiction are, in fact 'law abiding, responsible citizens,'" *Bruen*, 142 S.Ct. at 2138 n.9, and because such laws are in keeping with longstanding historical tradition allowing individualized assessment of a person's dangerousness to carry a gun. Similarly, the challenged training requirement is consistent with many historical analogues requiring persons carrying firearms to be trained in their safe and effective use, and with the Supreme Court's *Heller* and *Bruen* opinions. *See D.C. v. Heller*, 554 U.S. 570, 597 (2008) ("the adjective "well-regulated" implies nothing more than the imposition of proper discipline and training"); *Bruen*, 142 S.Ct. at 2162 (Kavanaugh, J., concurring) (licensing laws may constitutionally "require a license applicant to undergo fingerprinting, a background check, a mental health records check, and training in firearms handling and in laws regarding the use of force.").

**(2) Statement of Jurisdiction and Venue**

**Plaintiff's Statement:** The Court clearly has federal question jurisdiction.  Defendant's arguments that she is not a proper party are doubtful but can (and if necessary, will) be quickly

cured by amending the complaint to add a different state official. Both parties agree that venue is appropriate.

**Defendant's Statement:** Under binding Second Circuit precedent, the Court lacks subject matter jurisdiction because Plaintiff does not have standing to sue the Governor. *See Libertarian Party*, 970 F.3d at 122. Subject matter jurisdiction is also lacking because the Governor is immune from suit under the Eleventh Amendment. *See Ex parte Young*, 209 U.S. at 157; *Atl. Healthcare Benefits Tr. v. Googins*, 2 F.3d 1, 4 (2d Cir. 1993) (raising Eleventh Amendment immunity *sua sponte* "because it affects our subject matter jurisdiction"). Defendant does not object to Plaintiff's choice of venue.

**(3) Statement of Diversity Jurisdiction**

**Not applicable.**

**(4) Descriptions of Pending and Anticipated Motions**

**Joint Statement:** On August 22, 2022, Plaintiff moved for a preliminary injunction against the three CCIA requirements he challenges. Defendant's opposition papers are due on September 5, 2022; Plaintiff's reply is due on September 12, 2022; and a preliminary injunction hearing is scheduled for October 6, 2022 at 2:30 p.m. ECF Nos. 12, 16.

Defendant must respond to the Complaint on or before September 16, 2022. ECF No. 9. Submitted herewith is Defendant's pre-motion letter in lieu of an answer seeking permission to file a motion to dismiss the Complaint. The Governor also plans to move to stay discovery pending resolution of her motion to dismiss. A discovery stay may be entered "'where resolution of a preliminary motion may dispose of an entire action.'" *Global Interactive Media, Inc. v. TV Media, Inc.*, 20-cv-5099, ECF No. 41, June 28, 2021 (Schofield, J.) (granting discovery stay). A stay is warranted because the Governor's proposed motion to dismiss presents "substantial grounds" for dismissal, *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013), and success "on each argument alone may warrant dismissal of Plaintiff's entire complaint." *Boelter v. Hearst Commc'ns, Inc.*, 2016 WL 361554, at *5 (S.D.N.Y. Jan. 28, 2016). Nor would a stay prejudice the Plaintiff because "[e]ach of Defendant's proffered grounds for dismissing the action pose strictly legal questions, and Plaintiff has not demonstrated that discovery is necessary to rebut Defendant's arguments." *Id.* Plaintiff will oppose.

**(5) Description of Discovery**

**Plaintiff's Statement:** As this is a facial challenge to the constitutionality of a state statute, discovery will be limited, if any.

**Defendant's Statement:** Discovery has not yet begun in this case. The Defendant submits that the Court's lack of subject matter jurisdiction and the Governor's immunity from this suit are threshold matters that should be addressed before the parties embark on discovery proceedings. *See Hong Leong*, 27 F.R.D. at 73 (staying discovery where defendants made

"substantial arguments" that the Court lacks subject matter jurisdiction over action); *cf. Edrei v. Maguire*, 892 F.3d 525, 532 (2d Cir. 2018) (threshold immunity defense "'represents not simply a bar on liability but also an entitlement not to stand trial or face the burdens of litigation'").

**(6) Statement of Damages**

**Joint Statement:** Plaintiff does not seek money damages. Defendant denies that Plaintiff has a right to the declaratory and injunctive relief he does seek.

**(7) Statement on Settlement Discussions**

**Joint Statement:** No settlement discussions have taken place yet. Plaintiff seeks to enjoin certain provisions of the CCIA that he claims are facially unconstitutional. Given that the State will not agree to suspend or enjoin these requirements, settlement appears unlikely.

**(8) Other information**

The parties have no further information to provide at this point.

We thank the Court for its consideration of this matter.

Respectfully submitted,

_____/S/_____
Todd A. Spiegelman, Esq.
Assistant Attorney General

_____
Jonathan Corbett, Esq.
Plaintiff (*Attorney Proceeding Pro Se*)