

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

| LETITIA JAMES | | DIVISION OF STATE COUNSEL |
|---|---|---|
| ATTORNEY GENERAL | | LITIGATION BUREAU |

Writer's Direct Dial: (212) 416-8661

September 7, 2022

By ECF
The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   Corbett v. Hochul.; S.D.N.Y., 22-cv-5867

Dear Judge Schofield:

      This Office represents the Defendant, Governor Kathy Hochul, in the above-captioned action wherein Plaintiff challenges the constitutionality of the Concealed Carry Improvement Act (the "CCIA"), in which New York State imposed reasonable requirements for obtaining a concealed carry handgun license. In accordance with Your Honor's Individual Practice Rule III(C)(2), this letter requests a pre-motion conference on the Governor's anticipated motions to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6) and to stay discovery pursuant to Rule 26(c).

      The CCIA was enacted after the Supreme Court decided *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S.Ct. 2111 (2022), which struck down New York's "proper cause" requirement for concealed carry licenses as an unconstitutional burden on the right to carry a handgun in self-defense. *Id.* at 2122, 2156. In accordance with *Bruen*, the CCIA replaced the invalidated discretionary proper cause language with "specific eligibility" standards that require applicants to show they would only use a handgun in self-defense and not in a dangerous manner. N.Y. Spons. Memo., 2022 A.B. A41001; New York Penal Law ("NYPL") § 400.00(1)(o); *see also Bruen*, 142 S. Ct. at 2138 n.9 (approving of state laws that require applicants to "undergo a background check or pass a firearms safety course" "to ensure only that those bearing arms in the jurisdiction are, in fact, 'law-abiding, responsible citizens.'").

      Plaintiff alleges in his Complaint that he applied to the New York City Police Department ("NYPD") Licensing Division for a concealed carry license on April 14, 2022. Compl. ¶ 12. Plaintiff does not claim that the Governor has any role in reviewing his license application. Rather, he alleges that the Governor is the "chief executive of the laws of the state," that she

The Honorable Lorna G. Schofield
September 7, 2022
Page 2

publicly criticized the *Bruen* decision and quickly convened an extraordinary session of the State Legislature to enact the CCIA. *Id.* ¶¶ 8, 26-27.

Plaintiff objects in this case to three submissions that an applicant must make to a local licensing officer under the CCIA: (1) the names and contact information of at least four character references who can attest that the applicant will not use a weapon in a dangerous manner; (2) a list of former and current social media accounts for the past three years to confirm the information from the character references; and (3) a certification of completion of firearms safety training courses. NYPL § 400.00(1)(o)(ii)-(iv); *see also id.* § 400.03. Plaintiff asserts that these requirements violate the Second Amendment to the U.S. Constitution, and that the "social media requirement" also violates the First and Fourteenth Amendments. He seeks declaratory and injunctive relief, costs, and attorney's fees. Compl. at 9.

The Complaint, however, fails as a threshold matter because Plaintiff lacks standing to sue the Governor. Moreover, she is immune from this suit under the Eleventh Amendment.

**A.  Any Alleged Injury to Plaintiff is Not "Fairly Traceable" to the Governor**

In order to plead "the irreducible constitutional minimum of standing," a plaintiff must allege, among other things, that his injury is "'fairly . . . trace[able] to the challenged action of the defendant, and not th[e] result [of] the independent action of some third party not before the court.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). In a Second Circuit case directly on point—*Libertarian Party of Erie Cty. v. Cuomo*, 970 F.3d 106 (2020), *abrogated on other grounds by Bruen*, 142 S. Ct. 2111—applicants for firearms licenses sued the Governor and others challenging the State's licensing law. *Id.* at 114. The Circuit affirmed the dismissal of claims against the Governor because plaintiffs' injuries were fairly traceable only to the local licensing officers who denied their applications. *Id.* at 122. Plaintiffs lacked standing to sue the Governor and other State officials who were "not alleged to have had any role in the licensing process or in the consideration of the [plaintiffs'] applications." *Id.*

So too in this case. Plaintiff lacks standing to sue Governor Hochul because she will have no role in deciding his application. It is the Licensing Division of the NYPD, a City agency, that will review the submissions Plaintiff makes pursuant to the challenged requirements and determine whether or not to issue him a license. The NYPD may be a proper party here, but under controlling authority, the Governor clearly is not.

**B.  The Governor Is Immune from Suit**

For similar reasons, the Governor is immune from this lawsuit under the Eleventh Amendment to the Constitution. While the narrow *Ex parte Young* exception to such immunity permits suits for injunctive relief brought against state officers in their official capacities, the doctrine only applies if "the state officer against whom a suit is brought" has "'some connection with the enforcement of the act' that is in continued violation of federal law." *In re Dairy Mart Convenience Stores, Inc.*, 411 F.3d 367, 372-73 (2d Cir. 2005) (quoting *Ex parte Young*, 28 S. Ct. at 157); *see also Mendez v. Heller*, 530 F.2d 457, 460 (2d Cir. 1976) (Attorney General was

The Honorable Lorna G. Schofield
September 7, 2022
Page 3

not a proper defendant in lawsuit challenging State statute because he "has no connection with [its] enforcement.").

Thus, Eleventh Amendment immunity bars this action because Plaintiff fails to allege that the Governor has any role in enforcing the challenged requirements. Courts in this Circuit have repeatedly reached this conclusion in other cases challenging New York's firearms laws. *Aron v. Becker*, 48 F. Supp. 3d 347, 368-69 (N.D.N.Y. 2014) (dismissing defendant Governor on sovereign immunity grounds "[i]nasmuch as Plaintiff has failed to 'make any allegations whatsoever with respect to the Governor's role in the enforcement of any statutes at issue, or with any acts taken pursuant thereto"); *Osterweil v. Bartlett*, 819 F. Supp. 2d 72, 75 (N.D.N.Y. 2011) (Governor was improper party), *vacated on other grounds by* 738 F.3d 520 (2d Cir. 2013).

Moroeever, to the extent Plaintiff seeks to hold the Governor liable for her role in pressing for the CCIA in response to the *Bruen* decision, convening an extraordinary session of the Legislature to pass it, and signing it into her law (rather than her supposed enforcement role), she is protected by legislative immunity. *See Bogan v. Scott Harris*, 523 U.S. 44, 55 (1998) (absolute legislative immunity extends to executive branch official "when they perform legislative functions" such as introducing and enacting legislation); *State Emps. Bargaining Coal. v. Rowland*, 494 F.3d 71, 90 (2d Cir. 2007) (legislative immunity protects officials against official capacity claims to the extent such claims do not relate to enforcement of the law).

### C.  Discovery Should Be Stayed Pending the Resolution of Defendant's Motion

A discovery stay may be entered where, as here "resolution of a preliminary motion may dispose of an entire action." *Global Interactive Media, Inc. v. TV Media, Inc.*, 20-cv-5099, ECF No. 41, June 28, 2021 (Schofield, J.) (granting discovery stay). The Governor is entitled to a stay in this case because Plaintiff's claims are entirely unmeritorious; the Governor's participation in discovery would be burdensome because it is likely unnecessary; and a stay would not prejudice Plaintiff because the Governor's grounds for dismissing the action are purely legal questions that Plaintiff would not need discovery to contest. *Samuel v. City of N.Y.*, 2022 WL 1204701, at *1 (S.D.N.Y. Apr. 22, 2022) (setting forth factors for discovery stay).

For all of these reasons, Plaintiff's Complaint should be dismissed in its entirety and discovery stayed. The Governor proposes deferring briefing on the motion to dismiss until the Court rules on Plaintiff's preliminary injunction motion, due to be heard on October 6, 2022, because the Court's decision will likely inform Defendant's arguments.

We thank the Court for its consideration of this matter.

Respectfully submitted,

_____/S/_____
Todd A. Spiegelman
Assistant Attorney General

cc: Plaintiff *pro se* (via ECF)