

958 N Western Ave., Suite 765
Hollywood, CA 90029
jon@corbettrights.com

September 27th, 2022

To:    The Hon. Lorna Schofield
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007
*via ECF*

**Re:**    **Letter Detailing Service on New Official Defendants, *Corbett v. Hochul*, 1:22-CV-5867 (LGS) (SDA)**

Dear Judge Schofield:

    On September 13th, 2022, I filed a First Amended Complaint adding five official capacity defendants.  ECF No. 25.  Today I filed a Renewed Motion for Preliminary Injunction, ECF No. 46, as well as summonses returned executed for all five defendants indicating that the Renewed Motion was served along with the summonses.  ECF Nos. 41 – 45.

    I write to ensure that I am fully candid with the Court as to my calculation of the date of service of these documents on the new defendants[1], as there are two non-frivolous views on the matter.  My view, and the apparent view of the Tenth[2] and (possibly) Fifth[3] Circuits, is that service of a defendant sued only in his or her official capacity is a suit against the state, and therefore Fed. R. Civ. P. 4(j)(2) (delivery to chief executive officer) is an acceptable means of service.  Another view, that of the First[4] Circuit, is that an official capacity defendant is still an "individual" for the purposes of Rule 4, in which case Fed. R. Civ. P. 4(e)(1) (service as allowed by state law, which means delivery to chief executive officer <u>AND via certified mail</u>, *see* NY CPLR § 307(2))

---

[1] The original defendant, Gov. Hochul, was served contemporaneously with the filing of each document by operation of the CM/ECF system.

[2] *Johnson v. Marlar*, No. 19-7023, at *9 (10th Cir., Mar. 20th, 2020) ("The process for serving Marlar in his official capacity is the same as that against the state.").

[3] *Moore v. Hosemann*, 591 F.3d 741, 747 (5th Cir. 2009) ("the most reasonable reading of rule 4 affords state officers facing official capacity suits the same consideration given to federal officers in the same position").

[4] *Caisse v. Dubois*, 346 F.3d 213, 216 (1st Cir. 2003).

would be an acceptable means of service.  I was unable to find any Second Circuit precedent on the issue.

If the Court agrees with the majority view, all new defendants were served – both summons/complaint and Renewed Motion – on September 27th, 2022 when personal service was effected on the designees of the relevant chief executive officer (for the 2 state officials, the Attorney General, and for the 3 city officials, the New York City Corporation Counsel).  If the Court prefers the minority view, some of the new defendants were served on September 27th, 2022, and the remainder will likely be complete tomorrow, because New York law considers service complete only after the certified mail copy was *actually delivered*.  NY CPLR § 307(2).  USPS tracking shows that the mailed version reached Defendants Bogle, Adams, and Sewell on September 27th, 2022, and it appears likely the remaining defendants will receive their copy tomorrow.  *See also* Summons Returned Executed, ECF Nos. 41 – 45 (providing tracking numbers for certified mail copies).

If the Court wishes to add a day to any deadlines to avoid the need to resolve this issue – which, frankly, should have been long resolved by those charged with amending the Federal Rules of Civil Procedure – Plaintiff does not object.

Thank you,

_____/s/Jonathan Corbett_____
Jonathan Corbett, Esq.
CORBETT RIGHTS, P.C.
5551 Hollywood Blvd., Suite 1248
Los Angeles, CA 90028
E-mail: jon@corbettrights.com
Phone: (310) 684-3870
FAX:    (310) 675-7080