

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES  
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL  
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8661

October 7, 2022

By ECF  
The Honorable Lorna G. Schofield  
United States District Court  
Southern District of New York  
500 Pearl Street  
New York, NY 10007

Re:   Corbett v. Hochul.; S.D.N.Y., 22-cv-5867

Dear Judge Schofield:

  This Office writes on behalf of Defendants Governor of New York State Kathy Hochul, New York Attorney General Letitia James, and Superintendent of the New York State Police Kevin Bruen (together, "State Defendants") in the above-captioned action wherein Plaintiff challenges provisions of the Concealed Carry Improvement Act (the "CCIA") setting reasonable requirements on obtaining a license to carry a concealed weapon. Plaintiff filed a renewed motion for a preliminary injunction against three CCIA requirements on September 27, 2022. State Defendants' opposition papers are currently due on October 11, 2022.

  State Defendants write for two reasons. First, to inform the Court that yesterday, a court in the Northern District of New York issued a Temporary Restraining Order enjoining several requirements of the CCIA, including one—the social media disclosure requirement— that Plaintiff challenges herein. The decision in *Antonyuk, et al. v. Hochul, et al.*, 22-cv-0986 (N.D.N.Y.) is attached. The *Antonyuk* court stayed the TRO through October 12, 2022. This Office has announced it will appeal the decision to the Second Circuit.

  In this action, City Defendants requested an extension of the deadline to oppose Plaintiff's preliminary injunction motion from October 11, 2022 to October 21, 2022, and State Defendants joined in that request. ECF No. 51. Plaintiff informed the City's lawyer last night by e-mail that he "won't be opposing" this request. Defendants' application has not yet been ruled on. That the Second Circuit will soon consider some of the same issues before this Court presents a further reason why an extension of the opposition deadline to October 21, 2022 is warranted.

The Honorable Lorna G. Schofield
October 7, 2022
Page 2

      <u>Second</u>, State Defendants request an enlargement of their opposition papers to Plaintiff's preliminary injunction motion in the following three ways: (a) the page-limit of their memorandum of law be increased from 25 to 60 pages; (2) the page-limit of one declaration be increased from 10 to 15 pages; and (3) the number of exhibits permitted be increased from 15 to 40.

      Plaintiff's motion should be denied (and this action ultimately dismissed) on threshold issues, including his lack of standing and State Defendants' Eleventh Amendment immunity from this lawsuit. However, in an abundance of caution—and because the CCIA is critical to public safety—State Defendants also intend to oppose Plaintiff's motion on the merits. Consistent with the Supreme Court's rulings in *Bruen*, State Defendants will show that each of the challenged requirements are firmly grounded in centuries of law and tradition, relying upon numerous "historical analogues" from the Colonial, Founding, and Reconstruction eras to do so. 142 S.Ct. at 2133. State Defendants have also retained a historian and legal scholar as an expert and plan to submit a declaration from him along with several historical authorities he relies upon. The extra pages and exhibits are needed for this detailed historical analysis. They are also needed to respond to the court's lengthy decision in *Antonyuk*.

      Thank you for Your Honor's consideration of these requests.

                                           Respectfully submitted,

                                           _____/S/_____
                                           Todd A. Spiegelman, Esq.
                                           Assistant Attorney General

cc:     All Counsel (via ECF)

Encl.