

958 N Western Ave., Suite 765
Hollywood, CA 90029
jon@corbettrights.com

October 11th, 2022

To:   The Hon. Lorna Schofield
      United States District Judge
      Thurgood Marshall United States Courthouse
      40 Foley Square
      New York, NY 10007
      *via ECF*

Re:   **Opposition to Motion for Leave to File Excess Pages,** *Corbett v. Hochul*, **1:22-CV-5867 (LGS) (SDA)**

Dear Judge Schofield:

On October 7th, 2022, the State Defendants filed a motion for leave to file excess pages in response to Plaintiff's motion for a preliminary injunction.  ECF No. 52.  In particular, they seek the following modifications: "(a) the page-limit of their memorandum of law be increased from 25 to 60 pages; (2) the page-limit of one declaration be increased from 10 to 15 pages; and (3) the number of exhibits permitted be increased from 15 to 40."  *Id*.  Plaintiff opposes as to "a" and "3" and consents to "2."

In order for the government to succeed in opposing Plaintiff's motion, they need to demonstrate that there is a historical analog to their gun laws.  They do not need to explain that analog for 60 pages.  They simply need to identify and point to it.  Likewise, they do not need to demonstrate 40 historical analogs.  Fifteen actual historical analogs would certainly do the job, if they existed.

Plaintiff is a solo practitioner, appearing here on behalf of himself, attempting to vindicate his constitutional rights.  The government attempts to inundate Plaintiff – and the Court – with documents in hopes that either one sticks or that those who must review the government's documents are overwhelmed.  If each exhibit averages 10 pages, the state has effectively asked for leave to file 460 pages.  The problem is amplified by the fact that now both New York City and New York State will be filing oppositions – a problem created as a result of the State's pedantry as to the proper defendant when we are all aware that the true defendant here is not an individual, nor the City, but the state.

The government should be required to narrow its argument down to the 15 best historical examples it can find, and to analyze them within the standard 25 pages. Plaintiff has challenged only 3 discrete aspects of the state's new gun law, not the law as a whole, and burdening us all with reviewing nearly 500 pages of half-baked attempts to analogize restrictions found in the 1800s to a requirement to disclose one's Internet musings would be an exercise in the futile that the Court need not indulge.

Thank you,

*/s/Jonathan Corbett*
Jonathan Corbett, Esq.
CORBETT RIGHTS, P.C.
5551 Hollywood Blvd., Suite 1248
Los Angeles, CA 90028
E-mail: jon@corbettrights.com
Phone: (310) 684-3870
FAX:    (310) 675-7080