STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

Writer's Direct Dial: (212) 416-8661

By ECF  
The Honorable Lorna G. Schofield  
United States District Court  
Southern District of New York  
500 Pearl Street  
New York, NY 10007

October 18, 2022

Re:   Corbett v. Hochul.; S.D.N.Y., 22-cv-5867

Dear Judge Schofield:

This Office represents Governor Kathy Hochul, New York Attorney General Letitita James, and Superintendent of the New York State Police Kevin Bruen (the "Superintendent," and together, the "State Defendants") in the above-captioned action wherein Plaintiff challenges the constitutionality of the Concealed Carry Improvement Act (the "CCIA") in which New York State imposed reasonable requirements for obtaining a concealed carry handgun license. In accordance with Your Honor's Individual Practice Rule III(C)(2) and Order dated September 13, 2022, ECF No. 32, this letter requests a pre-motion conference on State Defendants' anticipated motions to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6) and to stay discovery pursuant to Rule 26(c).

The CCIA was enacted after the Supreme Court decided *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S.Ct. 2111 (2022), which struck down New York's "proper cause" requirement for concealed carry licenses as an unconstitutional burden on the right to carry a handgun in self-defense. *Id.* at 2122, 2156. In accordance with *Bruen*, the CCIA replaced the invalidated discretionary proper cause language with "specific eligibility" standards that require applicants to show they would only use a handgun in self-defense and not in a dangerous manner. N.Y. Spons. Memo., 2022 A.B. A41001; New York Penal Law ("NYPL") § 400.00(1)(o).

Plaintiff alleges in his Amended Complaint that he applied to the New York City Police Department ("NYPD") Licensing Division for a concealed carry license on April 14, 2022. Am. Compl. ¶ 17. Plaintiff does not claim that State Defendants have any role in reviewing his application. Rather, he alleges that the Governor is the "chief executive of the laws of the state," the Attorney General is "responsible for enforcing the laws of the State," and the Superintendent approves firearms training programs. Am. Compl. ¶¶ 8, 56, 59.

Plaintiff objects to three submissions that an applicant must make to a local licensing officer under the CCIA: (1) the names and contact information of at least four character references who can attest that the applicant will not use a weapon in a dangerous manner; (2) a list of former and current social media accounts for the past three years to confirm the information from the character references; and (3) a certification of completion of firearms safety

training courses.[1] NYPL § 400.00(1)(o)(ii)-(iv); *see also id*. § 400.03. Plaintiff asserts that these requirements violate the Second Amendment to the U.S. Constitution, and that the "social media requirement" also violates the First and Fourteenth Amendments. Plaintiff seeks declaratory and injunctive relief, nominal damages, costs, and attorney's fees. Am. Compl. at 10.

### A. Any Alleged Injury to Plaintiff is Not "Fairly Traceable" to the State Defendants

In order to plead "the irreducible constitutional minimum of standing," a plaintiff must allege, among other things, that his injury is "'fairly . . . trace[able] to the challenged action of the defendant, and not th[e] result [of] the independent action of some third party not before the court.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). In a Second Circuit case directly on point—*Libertarian Party of Erie Cty. v. Cuomo*, 970 F.3d 106 (2020), *abrogated on other grounds by Bruen*, 142 S. Ct. 2111—applicants for firearms licenses sued the Governor, the Attorney General, and the Superintendent, among others, challenging the State's licensing law. *Id.* at 114. The Circuit affirmed the dismissal of claims against these State officials because plaintiffs' injuries were fairly traceable only to the local licensing officers who denied their applications, and thus, they lacked standing to sue the State officials who were not alleged to have had any role in issuing licenses or in considering plaintiffs' applications. *Id.* at 122.

So too in this case. Plaintiff lacks standing to sue the State Defendants because they will have no role in deciding his application. It is the Licensing Division of the NYPD, a City agency, that will review the submissions Plaintiff makes pursuant to the challenged requirements and determine whether or not to issue him a license—not the State Defendants.

### B. Plaintiff Fails to Allege an Injury-in-Fact Arising From the Challenged Requirements

Plaintiff also has not suffered a "concrete and particularized" "injury-in-fact" from the CCIA requirements he challenges. *Lujan*, 504 U.S. at 560. The NYPD has not completed review of his application yet, let alone denied it. In *Libertarian Party*, the Second Circuit affirmed the district court's ruling that "[i]n order to challenge the New York firearm licensing laws, a person must either have applied for and been denied a license or make a 'substantial showing' that his or her application would have been futile." 970 F.3d at 116 (finding that only plaintiffs who had their applications denied alleged a concrete injury-in-fact). Plaintiff does not allege that applying for a license would be futile, and thus, fails to plausibly claim an "injury-in-fact." This action is unripe for similar reasons, *i.e.*, Plaintiff's application has not yet been decided.

Notably, pre-enforcement facial challenges are only permitted where a plaintiff intends "to engage in a course of conduct . . . proscribed by a statute, and there exists a credible threat of prosecution thereunder." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014). While an applicant may be prosecuted under the New York licensing statute if he or she submits false information to the licensing officer, N.Y. Penal Law § 400.00(5)(b), Plaintiff here does not

---

[1] On October 6, 2022, a court in the Northern District of New York issued a Decision and Temporary Restraining Order that temporarily enjoined the CCIA's social media requirement (but also upheld the training and character reference requirements). *Antonyuk v. Hochul*, No-22-cv-0986 (N.D.N.Y.) ECF No. 27. Six days later, the Second Circuit granted the *Antonyuk* defendants' motion for an interim stay of the TRO and referred their motion for a stay pending appeal to a motions panel. ECF No. 39.

allege that he would do so, nor that State Defendants have threatened him with a false statement charge. Accordingly, Plaintiff has also not plausibly alleged a pre-enforcement facial challenge.

### C. The State Defendants Are Immune from Suit

The State Defendants are immune from this lawsuit under the Eleventh Amendment to the Constitution. While the narrow *Ex parte Young* exception to such immunity permits suits for injunctive relief brought against state officers in their official capacities, the doctrine only applies if "the state officer against whom a suit is brought" has "'some connection with the enforcement of the act' that is in continued violation of federal law." *In re Dairy Mart Convenience Stores, Inc.*, 411 F.3d 367, 372-73 (2d Cir. 2005) (quoting *Ex parte Young*, 28 S. Ct. at 157).

Thus, Eleventh Amendment immunity bars this action because Plaintiff fails to allege that State Defendants have any role in enforcing the challenged requirements. Indeed, they do not review or decide licensing applications submitted by the general public, and will not decide Plaintiff's application in particular. Courts in this Circuit have repeatedly found the Governor and Attorney General immune from challenges to licensing statutes on this basis. *Aron v. Becker*, 48 F. Supp. 3d 347, 368-69 (N.D.N.Y. 2014) (Governor ); *Osterweil v. Bartlett*, 819 F. Supp. 2d 72, 75 (N.D.N.Y. 2011) (Governor and Attorney General), *vacated on other grounds by* 738 F.3d 520 (2d Cir. 2013). And though the Superintendent has a role in approving the curriculum and testing standards for the training courses, N.Y. Penal Law § 400.00(19), he is not charged with "enforcement" of the challenged requirements. *See* Black's Law Dictionary (11th ed. 2019) (defining "enforcement" as "[t]he act or process of compelling compliance with the law."). It is local licensing officers who enforce those requirements by granting or denying applications.

### D. Discovery Should Be Stayed Pending the Resolution of State Defendants' Motion

A discovery stay may be entered where, as here "resolution of a preliminary motion may dispose of an entire action.'" *Global Interactive Media, Inc. v. TV Media, Inc.*, 20-cv-5099, ECF No. 41, June 28, 2021 (Schofield, J.) (granting discovery stay). State Defendants are entitled to a stay in this case because Plaintiff's claims are entirely unmeritorious; their participation in discovery would be burdensome because it is likely unnecessary; and a stay would not prejudice Plaintiff because State Defendants' grounds for dismissing the action are purely legal questions that Plaintiff would not need discovery to contest. *Samuel v. City of N.Y.*, 2022 WL 1204701, at *1 (S.D.N.Y. Apr. 22, 2022) (setting forth factors for discovery stay).

For these reasons, Plaintiff's Amended Complaint should be dismissed in its entirety and discovery stayed. The State Defendants propose deferring briefing on the motion to dismiss until the Court rules on Plaintiff's renewed preliminary injunction motion, which will be heard on November 29, 2022, because the Court's decision will likely inform their arguments.

We thank the Court for its consideration of this matter.

                                                        Respectfully submitted,
                                                        _____/S/_____

cc: All Counsel (via ECF)                            Todd A. Spiegelman, AAG