

958 N Western Ave., Suite 765
Hollywood, CA 90029
jon@corbettrights.com

October 18th, 2022

To: The Hon. Lorna Schofield
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007
via ECF

Defendants' proposed motions will be discussed at the conference scheduled for November 29, 2022.  So Ordered.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 56-57.

Dated: October 20, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

**Re:** **Response to Pre-Motion Conference Requests, *Corbett v. Hochul*, 1:22-CV-5867 (LGS) (SDA)**

Dear Judge Schofield:

Today, all defendants requested a pre-motion conference in anticipation of motions to dismiss.  ECF Nos. 56, 57.  In brief, the state defendants allege they are all immune and all defendants allege that Plaintiff must first be denied a license before he may sue.  *Id*.

The latter argument is near frivolous: Plaintiff has clearly alleged that he has an application pending that is deficient as to the social media, references, and training requirements the lawsuit challenged, and has clearly indicated he does not intend to supplement his application with the same.  <u>See</u> Corbett Aff. (ECF No. 49) and First Amended Complaint (ECF No. 25).  The former argument may prevail for one or more defendants on one or more claims, but does not actually change the posture of the case given that the correct defendant for each claim is assuredly named at this point, and the relief sought will not change whether Defendant 1 or Defendant 6 is determined to be the proper party.  Bluntly, the government is simply seeking to delay the inevitable here and hold on to their unconstitutional law for as long as possible.

Notwithstanding Plaintiff's desire to move this case forward expeditiously, conferencing on and briefing a motion to dismiss while the motion for preliminary injunction is pending makes no sense, as many of the disputed issues are likely to be resolved by the preliminary injunction motion's disposition.  It also makes no sense because regardless of the outcome on that motion,

this case will immediately be appealed to the Second Circuit[1], which would all but certainly result in a stay of proceedings here.

      Accordingly, Plaintiff respectfully requests that the Court set a date for the pre-motion conference that occurs *after* the Court intends to rule on the motion for preliminary injunction, or alternatively deny the motion with leave to re-file after the preliminary injunction motion has been ruled upon, should Defendants still wish to make it. Defendants' time to respond to the First Amended Complaint should be extended accordingly.

Thank you,

/s/Jonathan Corbett
Jonathan Corbett, Esq.
CORBETT RIGHTS, P.C.
5551 Hollywood Blvd., Suite 1248
Los Angeles, CA 90028
E-mail: jon@corbettrights.com
Phone: (310) 684-3870
FAX:    (310) 675-7080

---

[1] The government has demonstrated the same by appealing the preliminary injunction issued in the *Antonyuk* case, and Plaintiff can represent that he intends to appeal any holding that there is insufficient likelihood of success on the merits of his claims.