

THE CITY OF NEW YORK

**Hon. Sylvia O. Hinds-Radix**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**Nicholas R. Ciappetta**
**Administrative Law and Regulatory Litigation Division**
(212) 356-4036
nciappet@law.nyc.gov

November 1, 2022

**BY ECF**
Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: Jonathan Corbett v. Kathleen Hochul, *et al.*, 22 CV 5867 (LGS)

Dear Judge Schofield:

   I am an attorney in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York. I submit this letter motion pursuant to the Court's Order dated October 25, 2022 (Docket Entry No. 66), on behalf of Defendants Eric Adams, Mayor of the City of New York, Keechant Sewell, Commissioner of the New York City Police Department ("NYPD"), and NYPD Inspector Hugh Bogle, Commanding Officer of the NYPD License Division, all sued in their official capacity (collectively "City Defendants"), to seek approval to file a redacted document.

   On Friday, October 21, 2022, City Defendants filed their opposition papers to Plaintiff's Motion for a Preliminary Injunction (Docket Entry No. 48), which consists of a memorandum of law (Docket Entry No. 63) and an attorney declaration (Docket Entry No. 64). Docket Entry No. 64 contains five exhibits, including portions of Plaintiff's pending application for a carry business handgun license (Docket Entry No. 64-1).

   Following the City Defendants' filing, Plaintiff informed me via email that he considers information submitted in Docket Entry No. 64-1 to be sensitive, particularly his prior work history and his business's cash handling practices. Accordingly, at the request of the Plaintiff, I submitted a letter dated October 24, 2022, to your Honor seeking permission under SDNY Electronic Case Filing Rules and Instructions Section 21.7 to place under seal a document previously filed by City Defendants or further redact such document. On October 25, 2022, the City Defendants' application was granted by the Court with instructions to "file a letter motion

for approval of the redacted filing in accordance with Individual Rule I.D.3 by November 1, 2022." Docket Entry No. 66 (omitting emphasis).

While the type of information that Plaintiff seeks redacted is not included in Federal Rule of Civil Procedure 5.2[1], City Defendants are sensitive to Plaintiff's concerns. Further, while other information on that page is germane to the City Defendants' opposition to the motion for a preliminary injunction, the information that Plaintiff is concerned with is not relevant to the instant motion.

In accordance with Individual Rule I.D.3, an appendix is included on the next page identifying all individuals who should have access to the sealed/redacted document. City Defendants are also separately (a) publicly filing the relevant portion of Plaintiff's license application with the proposed redactions and (b) filing under seal a copy of the unredacted document with the proposed redactions highlighted.

Accordingly, City Defendants request that the court grant this motion to file a further redacted version of Plaintiff's pending application for a carry business handgun license.

Thank you in advance for your consideration of this matter.

Respectfully submitted,

Nicholas Ciappetta
Senior Counsel

Application **GRANTED** in part.  Plaintiff's request to seal the gun license application in its entirety is **granted**.  The document, filed at Dkt. Nos. 64-1, 70 and 72 shall be sealed, or shall remain under seal.  A three-part inquiry determines whether to seal a document.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  The first question is whether the document is "a judicial document subject to the [presumed] right of public access," meaning that the document is "relevant to the performance of the judicial function and useful in the judicial process."  *Id.* at 119 (internal quotation marks omitted).  The second step, if the presumption attaches, is to determine the weight of the presumption by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts."  *Id.* (internal quotation marks omitted).  The third step is to balance against the presumption any "competing considerations" such as "impairing law enforcement[,] judicial efficiency" and "the privacy interests of those resisting disclosure."  *Id.* at 120 (internal quotation marks omitted).  At this stage, where the contents of the gun license application are not in dispute and have no apparent bearing on the pending motion for a preliminary injunction, the Court finds that Plaintiff's privacy interest in keeping the document under seal overcomes the presumption, if any, of public access to such document.  The parties are cautioned that, while the redacted information is not critical to judicial decision-making concerning the motion for a preliminary injunction, the same may not be true of the anticipated motion to dismiss, or a potential future motion for summary judgment.  The document may be unsealed at a later stage accordingly.

The Clerk of Court is respectfully directed to maintain the seal on Dkt. Nos. 64-1 and 70, and to seal Dkt. No. 72, with access limited to the parties listed in the appendix.  The Clerk of Court is respectfully directed to close the motion at Dkt. No. 69.

Dated:  November 29, 2022
        New York, New York

---

[1] The document was already redacted by City Defendants to remove Plaintiff's date of birth, in accordance with the Federal Rules of Civil Procedure.

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

2

## APPENDIX

Nicholas R. Ciappetta, Esq..............................................Counsel for City Defendants

Todd Spiegelman, Esq..............................................Counsel for State Defendants

Jonathan Corbett..........................................................................…..………Plaintiff