STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

December 22, 2023

By ECF
The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: <u>Corbett v. Hochul.; S.D.N.Y., 22-cv-5867</u>

Dear Judge Schofield:

This Office represents Governor Kathy Hochul, New York Attorney General Letitia James, and Acting Superintendent of the New York State Police Dominick Chiumento (the "Superintendent," and together, the "State Defendants")[1] in the above-captioned action challenging certain aspects of the Concealed Carry Improvement Act ("CCIA") on constitutional grounds. We write pursuant to the Court's December 6, 2023 order directing the parties to submit letters on whether Plaintiff has standing to challenge the CCIA's firearms training requirement. ECF No. 81. Plaintiff lacks standing to sue the State Defendants because any alleged injury from a denial of his licensing application is not traceable to them, as the State Defendants will not decide any aspect of his application, including whether Plaintiff has fulfilled the CCIA's training requirement.[2]

Under the CCIA, an applicant for a license to carry a concealed firearm must complete 18 hours of firearms training. Penal Law § 400.00(19). The applicant must then submit a certificate of completion of the training to the local licensing officer responsible for deciding their application. *Id.* §§ 400.00(1)(o)(iii), 400.00(3), 400.00(19).

In the Amended Complaint ("AC"), Plaintiff alleges that he applied to the New York City Police Department ("NYPD") for a concealed carry license on April 14, 2022. AC ¶ 17, ECF No. 25. The NYPD has not yet decided his application. *See* AC ¶ 23. Plaintiff challenges the CCIA's firearms training requirement as well as requirements that applicants submit four character references and a list of social media accounts. AC at p. 10.

### I. Plaintiff Lacks Standing As Against the State Defendants Because His Alleged Injuries Are Not Fairly Traceable to, or Redressable By, the State Defendants

To have standing to sue in federal court, "a plaintiff must show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). Here, any injury Plaintiff might suffer from the denial of his firearm license application for failure to complete the required training would not be traceable to,

---

[1] Dominick Chiumento was appointed Acting Superintendent on October 5, 2023. Accordingly, Chiumento should be automatically substituted for former Superintendent Kevin Bruen under Federal Rule of Civil Procedure 25(d).
[2] State Defendants also adopt the arguments set forth in the City Defendants' letter filed today.

The Honorable Lorna G. Schofield
December 22, 2023
Page 2

or redressable by the State Defendants. These arguments are set forth more fully in State Defendants' Memorandum of Law in Opposition to Plaintiffs' Renewed Motion for a Preliminary Injunction at 10-12, 14-15 ("State Defs. Mem."), ECF No. 62 and State Appellees' Brief at 30-33, 2d Cir. Case No. 22-3210, ECF No. 48.

Under New York's firearms licensing laws, only a licensing officer in the city or county where an applicant lives or works may process and decide applications for firearm carrying licenses. Penal Law § 400.00(1), (3). In New York City, where Plaintiff filed his application and where he allegedly lives, AC ¶ 7, the licensing officer is the NYPD Commissioner. *Id.* § 265.00(10). Accordingly, the city police commissioner or his designee—not any state official—will decide Plaintiff's license application, including whether he has satisfied the training requirements. The State Defendants are not proper defendants here because they will not decide, let alone deny, his application such that Plaintiff could claim an injury traceable to them. Nor would the State Defendants be able to redress Plaintiff's alleged injury even if the Court were to grant an injunction as they cannot issue him a license.

The Second Circuit's decision in *Libertarian Party of Erie Cnty. v. Cuomo* is directly on point. 970 F.3d 106, 122 (2d Cir. 2020), *abrogated in part on other grounds by New York State Rifle & Pistol Association v. Bruen,* 142 S. Ct. 2111 (2022).[3] There, two plaintiffs had their pistol license applications denied by two judges who were local licensing officers. The plaintiffs brought claims against the judges, the Governor, the Attorney General, and the Superintendent—the same state officials named here. *Id.* at 114. The Second Circuit held that "the only defendants to whom [plaintiffs'] alleged injuries were fairly traceable were the judges who denied their respective applications," and affirmed dismissal of the claims against the state officials because they were not alleged to have had any role in considering plaintiffs' applications or issuing them licenses. *Id.* at 122. The same reasoning establishes that the State Defendants are not proper defendants here.

To be sure, in *Antonyuk v. Hochul*, 635 F. Supp. 3d 111, 130 (N.D.N.Y. 2022) (citing *Antonyuk v. Hochul*, 624 F. Supp. 3d 210, 230 (N.D.N.Y. 2022)), a court in the Northern District of New York found the CCIA's firearms training requirement to be traceable to the Superintendent because he approves the training curriculum. *See* Penal Law § 400.00(19). However, that decision is not controlling, and was wrongly decided. The *Antonyuk* court, like this one, found the training requirement constitutional and the plaintiffs did not appeal; thus, the Second Circuit did not reach the issue of whether the Superintendent is a proper party. *See Antonyuk v. Chiumento*, 2023 WL 8518003, at *5 (2d Cir. Dec. 8, 2023).[4]

---

[3] The *Bruen* decision abrogated the Second Circuit's decision in *Libertarian Party*, 970 F.3d 106, only to the extent *Libertarian Party* (1) upheld New York's "proper cause" requirement under the Second Amendment; and (2) applied "means-ends" scrutiny to plaintiffs' Second Amendment challenge. *Bruen*, 142 S. Ct. at 2127 & n.4. The Second Circuit's decision otherwise remains controlling precedent, including its rulings relating to the circumstances in which an alleged injury to an applicant for a firearms license is fairly traceable to a defendant. *Cf. Taveras v. New York City*, No. 20 Civ. 1200 (KPF), 2023 WL 3026871, at *5, *8 (S.D.N.Y. Apr. 20, 2023) (continuing to apply *Libertarian Party*'s standing and justiciability holdings post-*Bruen*).

[4] The Second Circuit's decision in *Antonyuk* was focused on a plaintiff who—unlike Plaintiff here—was deterred from applying for a license because he did not want to disclose information required by the CCIA. The Court found that even though he did not apply, the plaintiff had a cognizable injury arising from being unable to exercise his Second Amendment rights. 2023 WL 8518003, at *18. Notably, the Court held that such injury was "traceable to the defendants'

The Honorable Lorna G. Schofield
December 22, 2023
Page 3

The district court's analysis in *Antonyuk* was flawed in any event. Plaintiffs in *Antonyuk*—like Plaintiff here—did not claim any injury from the content of the training curriculum prescribed by the Superintendent. Thus, there is no claimed injury traceable to the Superintendent or that he could redress. Moreover, the *Antonyuk* court failed to address the Second Circuit's contrary holding in *Libertarian Party*. While the earlier version of the licensing law the Second Circuit analyzed in that case did not include a training requirement, it did set forth several responsibilities of the Superintendent. *See* Penal Law § 400.00(3)(a), (7), (10)(b) (in force from Nov. 2, 2019, to Apr. 2, 2021) (Superintendent approved form of license applications, licenses, and recertifications); *id.* § 400.00(16-a)(a) (requiring registration of certain weapons with Superintendent); *id.* § 400.00(16-a)(b) (requiring Superintendent to educate public about illegal weapons). Despite the Superintendent's significant role under the predecessor law, the Second Circuit dismissed him from the plaintiffs' broad challenge because he did not decide their licensing applications. *Libertarian Party*, 970 F.3d at 122. The same result is appropriate here.

For similar reasons, the Superintendent and other State Defendants are entitled to Eleventh Amendment immunity from this lawsuit. The *Ex Parte Young* exception to Eleventh Amendment immunity is inapposite because it applies only if "the state officer against whom a suit is brought" has "'some connection with the enforcement of the act' that is in continued violation of federal law." *In re Dairy Mart Convenience Stores, Inc.*, 411 F.3d 367, 372-73 (2d Cir. 2005) (quoting *Ex parte Young*, 209 U.S. 123, 154 (1908)). As discussed, it is the NYPD that enforces the training requirement, and not the State Defendants. Thus, the State Defendants are immune from Plaintiff's claims. *See* State Defs. Mem. at 14-15.

Accordingly, the State Defendants respectfully request the Court issue an order denying Plaintiff's renewed motion for a preliminary injunction against enforcement of the training requirement on standing grounds. The State Defendants further request that the Court (1) reiterate its earlier decision denying Plaintiff's motion for a preliminary injunction against the CCIA's character reference and social media requirements; and (2) clarify that the stay of Defendants' response to the Amended Complaint and discovery (Court Conference Transcript, Nov. 29, 2022 at 23-24, ECF No. 75) remains in effect pending the Court's ruling on the issues briefed herein and any related appeal or petition for certiorari.

We thank the Court for its consideration of this matter.

                                                           Respectfully submitted,

                                                           _____/S/_____
                                                           Todd A. Spiegelman

cc: All Counsel (via ECF)

---

enforcement of these [challenged CCIA] provisions," and then referenced only the conduct of a local licensing officer, a county sheriff, who refused to process applications omitting required information. *Id.* Thus, the Court recognized that even where a plaintiff does not apply for a license, his alleged injury is traceable only to the local licensing officer who enforces the CCIA and would have denied or rejected an application that omitted the required information. Given that Plaintiff here actually applied for a license, his alleged injury is, *a fortiori*, traceable to the NYPD, which will decide it.