

958 N Western Ave., Suite 765
Hollywood, CA 90029
jon@corbettrights.com

December 22nd, 2023

To:   The Hon. Lorna Schofield
      United States District Judge
      Thurgood Marshall United States Courthouse
      40 Foley Square
      New York, NY 10007
      *via ECF*


Re:   **Supplemental Briefing, *Corbett v. Hochul*, 1:22-CV-5867 (LGS) (SDA)**


Dear Judge Schofield:

Pursuant to the Court's orders at ECF Nos. 81 & 83, Plaintiff submits this letter "on the issue of whether Plaintiff has standing to challenge the Concealed Carry Improvement Act's training requirement."

The parties agreed in this Court that the standard is whether it would be "futile" to wait for Plaintiff's application to be denied[1].  State Opposition to Motion for P.I. (ECF No. 63), pp. 13, 14; City Opposition to Motion for P.I. (ECF No. 62), pp. 23 – 25.  As the Court pointed out in its order denying the motion for preliminary injunction: "Plaintiff here has filed an application and the training requirement by its terms applies to his application.  He has not taken the required training.  He states that he has no intention of taking the required training and he hasn't had any training in the last five years.  Nothing in the statute suggests that the training requirement can be waived or that it's discretionary.  And so on these facts, it seems likely that the plaintiff can show that his application is futile and likely to be denied.  It is sufficient to establish injury in fact and, therefore, standing."

Defendants' arguments to the contrary were, in short, that futility cannot be shown because perhaps Plaintiff has training that he does not have, or perhaps Plaintiff will complete training before the application is decided.  State Opposition to Motion for P.I. (ECF No. 63), pp. 13, 14; City Opposition to Motion for P.I. (ECF No. 62), pp. 23 – 25.  These arguments were

---

[1] In its letter today, the State Defendants wrote three pages as to why they are not the proper defendants, framing this as a standing issue.  ECF No. 84.  This is not the issue before the Court, and Plaintiff therefore will not address this argument.

meritless then and are still meritless today.  Plaintiff had provided an affidavit that he did not have the required training and did not intend to get it, and case law is clear that this is sufficient.  <u>See</u> Reply to Opposition to Motion for P.I. (ECF No. 67), p. 10.

      Indeed, nothing has changed since the Court's November 29th, 2022 order.  Plaintiff's license application still has not been processed because he has not completed the training.  And, the law has not eased the training requirement.  Plaintiff's application was then, and is now, futile.  Plaintiff therefore has standing.

      Thank you,

      _/s/Jonathan Corbett_
      Jonathan Corbett, Esq.
      *Plaintiff, Pro Se*
      5551 Hollywood Blvd., Suite 1248
      Los Angeles, CA 90028
      E-mail: jon@corbettrights.com
      Phone: (310) 684-3870
      FAX:    (310) 675-7080