

**Hon. Sylvia O. Hinds-Radix**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

Nicholas R. Ciappetta
**Administrative Law and Regulatory Litigation Division**
**(212) 356-4036**
nciappet@law.nyc.gov

December 22, 2023

**BY ECF**
Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  <u>Jonathan Corbett v. Kathleen Hochul</u>, *et al*., 22 CV 5867 (LGS)

Dear Judge Schofield:

I am an attorney in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York. I submit this letter on behalf of Defendants Eric Adams, Mayor of the City of New York, Edward Caban, Commissioner of the New York City Police Department ("NYPD")[1], and NYPD Inspector Hugh Bogle, Commanding Officer of the NYPD License Division, all sued in their official capacity (collectively "City Defendants").

This filing is made in accordance with Your Honor's direction that the parties submit a letter by December 15, 2023 "on the issue of whether Plaintiff has standing to challenge the Concealed Carry Improvement Act's training requirement." Docket Entry No. 81. As previously argued by City Defendants in this Court, as well as before the Second Circuit Court of Appeals in connection with Plaintiff's appeal of the denial of his motion for a preliminary injunction, Plaintiff Jonathan Corbett lacks standing to challenge Penal Law § 400.00(19), which adds an in-person live firearms safety course requirement consisting of (a) a minimum of sixteen

---

[1] Plaintiff originally named then-NYPD Commissioner Keechant Sewell as a defendant in her official capacity as Commissioner of the New York City Police Department. Edward A. Caban replaced Sewell as Commissioner of the New York City Police Department on July 17, 2023. Pursuant to Federal Rule of Civil Procedure 25(d), the successor of a public officer is automatically substituted as a party when the originally named public officer "ceases to hold office while the action is pending."

hours of in-person live curriculum on specified topics listed therein; and (b) a minimum of two hours of a live-fire range training course ("Training Requirement").

Plaintiff submitted an application for a concealed carry permit with the NYPD's License Division. Such an application is incomplete as Plaintiff has not provided a certificate of completion evidencing satisfaction of the Training Requirement.

In order to demonstrate standing, Plaintiffs must either be denied a concealed carry license or establish that completing the application would be futile. See Libertarian Party v. Cuomo, 970 F.3d 106, 116, 121-22 (2d Cir. 2020). It is undisputed that Plaintiff's application has not yet been denied. Nor can Plaintiff demonstrate futility as he is not statutorily ineligible for the carry license. See Bach v. Pataki, 408 F.3d 75, 82-83 (2d Cir. 2005).

The recent decision by the Second Circuit Court of Appeals in Antonyuk v. Chiumento, 2023 U.S. Dist. LEXIS 32492 (2d Cir. Dec. 8, 2023), does not alter the legal landscape with respect to a plaintiff like Corbett. In Antonyuk, the Court of Appeals found that one of the plaintiffs (Lawrence Sloane) had standing to challenge certain provisions of the Concealed Carry Improvement Act, despite not actually applying for a concealed carry license. The Second Circuit held that Sloane was not required to first apply because the challenged requirements forced him to disclose information to the government that he considered sensitive or private. See id. at *59-60. In other words, the application requirements deterred Sloane from applying for a concealed carry license in the first instance, and this barrier to applying constituted his injury-in-fact. In contrast, Corbett obviously was not deterred from applying for a license as he submitted an application. Nor does he assert an allegation that disclosing how much training he completed injures him.[2] Thus, Corbett is not like Sloane because he does not argue that simply providing the requested information to the licensing officer injures him.

For these reasons, as well as those set forth in City Defendants' opposition to Plaintiff's motion for a preliminary injunction, Corbett lacks standing to challenge the Training Requirement.

Respectfully submitted,

/s/

Nicholas Ciappetta
Senior Counsel

---

[2] Corbett does not argue that training requirements are *per se* unconstitutional. Rather, he objects to the length of the Training Requirement. See Oral Argument at 1:35 – 3:10, Corbett v. Hochul, (No. 22-3210), https://ww3.ca2.uscourts.gov/decisions/isysquery/3d9c8b66-49f5-43ad-9b6f-dc5f3fe8f59e/131-140/list/.