By **May 24, 2024**, the parties shall each file a letter, not to exceed three pages, on the issue of whether this change in circumstances -- the May 14, 2024, denial of Plaintiff's license application -- can confer standing. The parties' letter briefs shall cite case law, preferably binding case law when available (i.e., U.S. Supreme Court and reported Second Circuit cases).

If a party believes a change in circumstances cannot confer standing, the party shall explain whether an amended complaint or some other procedural mechanism could recognize the license denial as an injury in fact for purposes of standing . *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 570 n.5 (1992) (stating that "standing is to be determined as of the commencement of suit"); *Macias v. Jzanus Ltd.*, No. 20 Civ. 286, 2020 WL 6363906, at *1 (E.D.N.Y. Oct. 29, 2020) (dismissing case without prejudice to refiling when plaintiff lacked standing at outset but regained it during lawsuit). So Ordered.

Dated: May 20, 2024
      New York, New York

*[signature]*

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

**BY ECF**
Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:   Jonathan Corbett v. Kathleen Hochul, *et al*., 22 CV 5867 (LGS)

Dear Judge Schofield:

      I am an attorney in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York. I submit this letter on behalf of Defendants Eric Adams, Mayor of the City of New York, Edward Caban, Commissioner of the New York City Police Department ("NYPD")[1], and NYPD Inspector Hugh Bogle, Commanding Officer of the NYPD License Division, all sued in their official capacity (collectively "City Defendants"). Please be advised that Plaintiff's application for a (carry business) handgun license was disapproved by the NYPD License Divisions by Notice of Disapproval dated May 14, 2024. Mr. Corbett has ninety days from the date of the Notice of Disapproval to appeal the decision.

---

[1] Plaintiff originally named then-NYPD Commissioner Keechant Sewell as a defendant in her official capacity as Commissioner of the New York City Police Department. Edward A. Caban replaced Sewell as Commissioner of the New York City Police Department on July 17, 2023. Pursuant to Federal Rule of Civil Procedure 25(d), the successor of a public officer is automatically substituted as a party when the originally named public officer "ceases to hold office while the action is pending."

Respectfully submitted,

/s/

Nicholas Ciappetta
Senior Counsel