

| | | |
|---|---|---|
| **Hon. Sylvia O. Hinds-Radix**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | Nicholas R. Ciappetta<br>**Administrative Law and Regulatory Litigation Division**<br>(212) 356-4036<br>nciappet@law.nyc.gov |

May 24, 2024

**BY ECF**
Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:  <u>Jonathan Corbett v. Kathleen Hochul,</u> *et al*., 22 CV 5867 (LGS)

Dear Judge Schofield:

        I am an attorney in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York. I submit this letter at the direction of the Court (Docket Entry No. 93) on behalf of Defendants Eric Adams, Mayor of the City of New York, Edward Caban, Commissioner of the New York City Police Department ("NYPD")[1], and NYPD Inspector Hugh Bogle, Commanding Officer of the NYPD License Division, all sued in their official capacity. Specifically, the Court requested that the parties address the impact of the NYPD License Division's Notice of Disapproval dated May 14, 2024.

        While the Notice of Disapproval may now satisfy the injury-in-fact requirement of Article III standing, the ripeness doctrine, which also derives from Article III, counsels against the Court exercising jurisdiction at this juncture. Ripeness presents a question of the timing of a lawsuit and a case is not ripe if it depends on future events. <u>See</u> <u>Nat'l Org. for Marriage, Inc. v. Walsh</u>, 714 F.3d 682, 687 (2d Cir. 2013). Two forms of ripeness are recognized. <u>See id.</u> at 687-

---

[1] Plaintiff originally named then-NYPD Commissioner Keechant Sewell as a defendant in her official capacity as Commissioner of the New York City Police Department. Edward A. Caban replaced Sewell as Commissioner of the New York City Police Department on July 17, 2023. Pursuant to Federal Rule of Civil Procedure 25(d), the successor of a public officer is automatically substituted as a party when the originally named public officer "ceases to hold office while the action is pending."

88.     Prudential ripeness is a flexible doctrine that focuses on whether a litigant's claims "would be better heard now or at some future point." <u>Am. Sav. Bank, FSB v. UBS Fin. Servs.</u>, 347 F.3d 436, 440 (2d Cir. 2003).  Whether administrative remedies have been exhausted is a relevant consideration under prudential ripeness.  <u>See</u> <u>Seafarers International Union v. United States Coast Guard</u>, 736 F.2d 19, 26 (2d Cir. 1984).  Here, the Petitioner still has multiple avenues to challenge the Notice of Disapproval.  First, as stated in the Notice, Petitioner may appeal to the Director of the NYPD's License Division within 90 days of the date of the Notice.  As of the writing of this letter, no such appeal has been received.  Second, if the appeal to the Director of the License Division is unsuccessful, Petitioner may seek review from the New York State Division of Criminal Justice Services pursuant to New York State Penal Law 400.00(4-a).  Plaintiff would have to pursue these avenues before a final determination subject to judicial review exists.  And, of course, Petitioner may then seek review under Article 78 of the New York Civil Practice Law and Rules.  As these options could provide relief to the Petitioner, the motion for a preliminary injunction is premature.

        Respectfully submitted,

        /s/

        Nicholas Ciappetta
        Senior Counsel