

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES  
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL  
LITIGATION BUREAU

May 24, 2024

By ECF  
The Honorable Lorna G. Schofield  
United States District Court  
Southern District of New York  
500 Pearl Street  
New York, NY 10007

     Re:    *Corbett v. Hochul, et al.*, 22-cv-5867 (S.D.N.Y.)

Dear Judge Schofield:

     This Office represents Governor Kathy Hochul, New York Attorney General Letitia James, and Superintendent of the New York State Police Steven G. James (the "Superintendent" and together, the "State Defendants")[1] in the above-captioned action challenging certain aspects of the Concealed Carry Improvement Act ("CCIA") on constitutional grounds. We write pursuant to the Court's May 20, 2024 order (ECF No. 93) directing the parties to submit letters on whether the May 14, 2024 denial of Plaintiff's license application by the New York City Police Department ("NYPD") confers standing on Plaintiff to sue the State Defendants with respect to his challenge to the CCIA's training requirement. The NYPD's denial does not confer such standing. Moreover, because Plaintiff lacks standing to sue the State Defendants for the three requirements that were the subject of his preliminary injunction motion, this case should be summarily dismissed as against them for lack of subject matter jurisdiction under recent Second Circuit precedent. *Do No Harm v. Pfizer Inc.*, 96 F.4th 106, 120 (2d Cir. 2024) ("upon determining in the context of a preliminary injunction motion that a plaintiff lacks standing, a court should generally dismiss the plaintiff's claims").

**There Is No Injury Traceable to the State Defendants**

     In their December 22, 2023 letter, State Defendants made clear that Plaintiff lacks standing to sue them because any alleged injury from a denial of his license application is not traceable to the State Defendants. It is the NYPD, not State Defendants, that decides Plaintiff's application, including whether he fulfilled the CCIA's training requirements. ECF No. 84 (citing *Libertarian Party of Erie Cnty. v. Cuomo*, 970 F.3d 106, 122 (2d Cir. 2020), *abrogated in part on other grounds by New York State Rifle & Pistol Association v. Bruen,* 142 S. Ct. 2111 (2022) (in challenge to earlier New York firearms licensing law, holding that "the only defendants to whom [plaintiffs'] alleged injuries were fairly traceable were the judges who denied their

---

[1] Steven J. James was appointed Superintendent on April 4, 2024. Accordingly, Superintendent James should be automatically substituted for former Superintendent Kevin Bruen under Federal Rule of Civil Procedure 25(d).

The Honorable Lorna G. Schofield
May 24, 2024
Page 2

respective applications," and affirming dismissal of claims against the Governor, Attorney General, and State Police Superintendent on that basis). The Governor and the Attorney General have no role in licensing. *See generally* N.Y. Penal Law 400.00. The Superintendent only decides licensing applications for retired members of the New York State Police, *id.* § 400.01, and while he determines the curriculum for the training courses, Plaintiff does not challenge the curriculum here. Plaintiff did not respond to State Defendants' arguments. ECF No. 85 at 1.n1.

The NYPD's recent denial of Plaintiff's license application serves only to underscore that his alleged injury is not traceable to the State Defendants, but rather to the NYPD. That is the case regardless of whether Plaintiff amends his complaint or files a new action directly challenging the NYPD's denial determination.

Significantly, the Court has already held that Plaintiff "lacks standing to challenge the social media and [character] reference requirements because he applied for his license in April 2022, and the two requirements . . . did not apply to applications before September 1, 2022." Court Conference Transcript, Nov. 29, 2022 at 24:1-5, ECF No. 75.[2] Thus, if the Court finds that Plaintiff lacks standing to challenge the firearms training requirement as against the State Defendants, he will have failed to demonstrate standing as against them for the three requirements he sought to preliminarily enjoin.[3]

## The Second Circuit's Recent Holding in *Do No Harm* Requires Dismissal As Against the State Defendants

The Second Circuit has held that if a court determines on a preliminary injunction motion that a plaintiff lacks standing, it should dismiss the applicable claims. *Do No Harm*, 96 F.4th at 120. In *Do No Harm*, the district court denied plaintiff's motion for a preliminary injunction finding it did not have standing and dismissed the case for lack of subject matter jurisdiction. *Id.* at 111. The Second Circuit affirmed, and in doing so, considered whether the district court should have instead denied the plaintiff's preliminary injunction motion but continued to preside over the case.

The Circuit held that once a plaintiff chooses to file a motion for a preliminary injunction, he bears "the burden of demonstrating standing to at least a summary judgment standard." *Id.* at 115. And if a plaintiff fails to carry that burden, the Court found that dismissal was required without further proceedings, reasoning that "Article III standing is 'always an antecedent question,' such that a court cannot 'resolve contested questions of law when its jurisdiction is in doubt.'" *Id.* 120-21 (quoting *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 101 (1998); *id.* at 120 ("Without standing there is no jurisdiction. Without jurisdiction, we cannot

---

[2] The NYPD denial determination provides that Plaintiff failed to submit two character references under Title 38 of the Rules of the City of New York §5-10(M). ECF No. 91-1. As this Court held, the CCIA's requirement of four character references was not in effect then. *See* N.Y. Penal Law 400.00(1)(o)(ii) (effective September 1, 2022); 2022 N.Y. Sess. Laws Ch. 371 (S. 51001) § 26.

[3] As to the social media requirement, Plaintiff's challenge is now unavailing on the additional ground of mootness because that requirement has been enjoined. *Antonyuk v. Chiumento*, 89 F.4th 271, 333 (2d Cir. 2023)

The Honorable Lorna G. Schofield
May 24, 2024
Page 3

act.") (quoting *Obama v. Klayman*, 800 F.3d 559 (D.C. Cir. 2015) (Sentelle, J. dissenting in part).

    So too here. Plaintiff has failed to demonstrate standing to sue the State Defendants with respect to each of the three CCIA requirements he moved to preliminarily enjoin. Accordingly, "dismissal, not further proceedings, [is] the next logical step." *Id.* at 121.

    We thank the Court for its consideration of this matter.

Respectfully submitted,

_____/S/_____
Todd A. Spiegelman
Assistant Attorney General
(212) 416-8661
todd.spiegelman@ag.ny.gov

cc: All Counsel (via ECF)