UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
JONATHAN CORBETT,                                           :
                                    Plaintiff,              :          22 Civ. 5867 (LGS)
                                                            :
              -against-                                     :          OPINION & ORDER
                                                            :
KATHLEEN HOCHUL, et al.,                                    :
                                    Defendants.             :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

At issue is Plaintiff Jonathan Corbett's standing to challenge the training requirement for

the issuance of a concealed carry permit under New York's Concealed Carry Improvement Act

("CCIA"), codified at N.Y. Penal Law § 400.00(19).  This Court previously denied Plaintiff's

motion for a preliminary injunction, finding that he had not established a likelihood of success on

the merits in showing, among other things, that the training requirement is unconstitutional.  The

Second Circuit vacated that order and remanded for a decision on whether Plaintiff has standing

to challenge the training requirement.  *Corbett v. Hochul*, No. 22-3210-CV, 2023 WL 7538202

(2d Cir. Nov. 14, 2023).  For the following reasons, Plaintiff has standing to challenge the

training requirement as to certain Defendants.

I.    **BACKGROUND**

On April 14, 2022, Plaintiff Jonathan Corbett applied for a handgun carry license from

the New York City Police Department ("NYPD") by completing an online application.  Since

then, New York's laws governing gun licensure have changed substantially.  In June 2022, the

U.S. Supreme Court declared New York's "proper cause" licensing regime unconstitutional in

*N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 70 (2022).  In response, on July 1,

2022, New York adopted the CCIA, which amended the laws governing legal ownership of

handguns.  As relevant here, the CCIA includes a requirement that applicants complete sixteen hours of an in-person safety training course as well as a two-hour live-fire range training course. The applicant must demonstrate a prescribed level of proficiency, resulting in a certificate of completion, which the applicant must submit.  N.Y. Penal Law §§ 400.00(1), (19).  The training requirement is not discretionary, except that the licensing officer has discretion to accept training courses taken in the five years preceding September 1, 2022.  N.Y. Div. of Crim. Just. Servs., Minimum Standards for New York State Concealed Carry Firearm Safety Training 1 (Aug. 23, 2022), https://troopers.ny.gov/system/files/documents/2022/08/final-nysp-dcjs-minimum-standards-for-firearm-safety-training-8-23-22.pdf [https://perma.cc/8ZSS-TBUD].   However, Plaintiff has not taken a training course during that time period.

By its terms, the training requirement applies to licenses issued after the effective date of the CCIA, September 1, 2022, regardless of when the application was submitted.  *See* 2022 N.Y. Sess. Laws ch. 371, § 26 (effective date).

Plaintiff brings this action against New York Governor Kathleen Hochul, New York Attorney General Letitia James, New York State Police Superintendent Steven G. James (collectively, the "State Defendants"), New York City Mayor Eric Adams, NYPD Commissioner Edward A. Caban and NYPD Inspector and License Division Commanding Officer Hugh Bogle (collectively, the "City Defendants").[1]  In ruling from the bench on the preliminary injunction motion, this Court assumed without deciding that Plaintiff could likely show standing to challenge the training requirement, basing its assumption on the ground of futility:

---

[1] Under Federal Rule of Civil Procedure 25(d), New York State Police Superintendent Steven G. James and NYPD Commissioner Edward A. Caban are automatically substituted for former New York State Police Superintendent Kevin Bruen and former NYPD Commissioner Keechant Sewell, respectively.

> Plaintiff here has filed an application[,] and the training requirement by its terms applies to his application. He has not taken the required training. He states that he has no intention of taking the required training and he hasn't had any training in the last five years. Nothing in the statute suggests that the training requirement can be waived or that it's discretionary. And so on these facts, it seems likely that the plaintiff can show that his application is futile and likely to be denied. It is sufficient to establish injury in fact and, therefore, standing.

As to two other requirements that Plaintiff challenged, the CCIA's social media disclosure and character reference requirements, this Court denied injunctive relief on the ground that Plaintiff lacks standing to challenge those provisions.

Plaintiff timely appealed the denial of the preliminary injunction as to the training requirement. By summary order on November 14, 2023, the Second Circuit vacated the denial of injunctive relief as to the training requirement and remanded for a decision on whether Plaintiff has standing to challenge that requirement. *Corbett*, 2023 WL 7538202, at *2. On May 14, 2024, the NYPD License Division issued a Notice of Disapproval ("Notice") disapproving of Plaintiff's application for a concealed carry permit.

## II.    LEGAL STANDARD

To establish Article III standing, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo v. Robins,* 578 U.S. 330, 338 (2016). "To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* at 339.[2] The second element requires that "the plaintiff's injury be fairly traceable to the challenged action of the defendant and not the result of the independent action of

---

[2] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

some third party not before the court." *Ateres Bais Yaakov Acad. of Rockland v. Town of Clarkstown*, 88 F.4th 344, 352 (2d Cir. 2023). "[P]laintiffs must demonstrate standing for each claim that they press." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021).

## III.    DISCUSSION

Plaintiff has standing to challenge the training requirement for the issuance of a concealed carry permit contained in N.Y. Penal Law § 400.00(19) as to the City Defendants. He lacks standing to challenge that requirement as to the State Defendants.

### A.  Standing to Challenge Training Requirement Against the City Defendants

Of the three criteria for standing, only injury in fact is at issue on the claim against the City Defendants. The May 14, 2024, disapproval of Plaintiff's application now makes clear his injury: Plaintiff cannot obtain a license without submitting to the training requirement, which he alleges violates his Second Amendment right. The City Defendants possibly concede the existence of an injury-in-fact, stating that "the Notice of Disapproval may now satisfy the injury-in-fact requirement of Article III standing . . . ." This statement is unsurprising since the disapproval of the application is sufficient to satisfy the injury-in-fact requirement. Plaintiff has alleged "an invasion of a legally protected interest" -- his Second Amendment right -- "that is concrete and particularized and actual or imminent," as his license application has been disapproved. *See Spokeo*, 578 U.S. at 339; *see also Bruen*, 597 U.S. at 16 (deciding the merits of a Second Amendment challenge by petitioners after their applications for unrestricted licenses to carry handguns in public had been denied).

### B.  Ripeness of the Challenge to the Training Requirement

Following the application disapproval, the City Defendants now object to Plaintiff's challenge to the training requirement on prudential ripeness grounds. The City Defendants argue

4

that Plaintiff's multiple avenues to challenge the May 14, 2024, Notice, as outlined below,

counsel against this Court's exercise of jurisdiction at this juncture:

> First, as stated in the Notice, Petitioner may appeal to the Director of the NYPD's License Division within 90 days of the date of the Notice. . . .  Second, if the appeal to the Director of the License Division is unsuccessful, Petitioner may seek review from the New York State Division of Criminal Justice Services pursuant to New York State Penal Law 400.00(4-a). . . .  And, of course, Petitioner may then seek review under Article 78 of the New York Civil Practice Law and Rules.

"Ripeness is a justiciability doctrine designed to prevent the courts, through avoidance of

premature adjudication, from entangling themselves in abstract disagreements over

administrative policies, and also to protect the agencies from judicial interference until an

administrative decision has been formalized and its effects felt in a concrete way by the

challenging parties."  *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 807-08 (2003).

A court may consider "dismissal of a case on prudential-ripeness grounds without first

addressing jurisdictional issues such as standing."  *BMG Monroe I, LLC v. Vill. of Monroe*, 93

F.4th 595, 600 (2d Cir. 2024).

"To determine whether to abstain from a case on prudential ripeness grounds, we proceed

with a two-step inquiry, requiring us to evaluate both the fitness of the issues for judicial

decision and the hardship to the parties of withholding court consideration."  *Nat'l Org. for*

*Marriage, Inc. v. Walsh*, 714 F.3d 682, 691 (2d Cir. 2013); *accord Make the Rd. N.Y. v. Pompeo*,

475 F. Supp. 3d 232, 249 (S.D.N.Y. 2020).  "The fitness analysis is concerned with whether the

issues sought to be adjudicated are contingent on future events or may never occur.  In assessing

this possibility of hardship, we ask whether the challenged action creates a direct and immediate

dilemma for the parties."  *Nat'l Org. for Marriage, Inc.*, 714 F.3d at 691.  Failure to exhaust

"administrative remedies counsels in favor of invoking the prudential ripeness doctrine."  *Am.*

*Sav. Bank, FSB v. UBS Fin. Servs., Inc.*, 347 F.3d 436, 440 (2d Cir. 2003); *accord High Mountain Corp. v. MVP Health Care, Inc.*, 416 F. Supp. 3d 347, 353 n.3 (D. Vt. 2019).

Plaintiff's challenge is ripe. Plaintiff's challenge satisfies the fitness inquiry because nothing in the above procedures outlined by the City Defendants indicates that Plaintiff's disapproval would be overturned upon appeal. The City Defendants argue the lack of exhaustion of administrative remedies counsels against adjudication, but exhaustion would be futile as Plaintiff has not satisfied a plain statutory training requirement. The CCIA does not provide for discretion to waive this requirement, so exhaustion would not change the current circumstances. The Notice states that "the License Division has no discretion in issuing a license to an applicant who has not met" the training requirement. As Plaintiff averred in an affidavit accompanying his preliminary injunction motion, he has "already completed . . . substantial firearms training out-of-state" and does "not intend to waste another 18 hours of [his] life taking New York training courses."

The City Defendants cite *Seafarers Int'l Union of N. Am., AFL-CIO v. U.S. Coast Guard*, 736 F.2d 19, 26 (2d Cir. 1984), but *Seafarers* supports a finding of fitness. Here, unlike in *Seafarers*, "the issues presented for review are primarily legal as opposed to factual in nature" and "administrative remedies have been exhausted at least to the extent that an adequate factual record has been established." *See id.* The facts are limited and undisputed: Plaintiff has not satisfied the training requirement and does not intend to do so. Further exhaustion of administrative remedies would not change that.

Plaintiff's challenge also satisfies the hardship inquiry because exhausting the appellate process would force Plaintiff to jump through more administrative hoops and cause additional delay. Therefore, Plaintiff's challenge is ripe for adjudication against the City Defendants.

6

### C. Standing to Challenge Training Requirement Against the State Defendants

Plaintiff lacks standing to sue the State Defendants because any injury from his license denial is not "fairly traceable to the challenged action of the named defendants." *See Gazzola v. Hochul*, 88 F.4th 186, 202 (2d Cir. 2023), *cert. denied*, No. 23-995, 2024 WL 3014531 (U.S. June 17, 2024). The NYPD decides Plaintiff's application, not the State Defendants. Under New York's firearms licensing laws, only a "licensing officer in the city or county . . . where the applicant resides, is principally employed or has his or her principal place of business as merchant or storekeeper" may issue a concealed carry license. N.Y. Penal Law §§ 400.00(1), (3). In New York City, the licensing officer is the NYPD Commissioner. *Id.* § 265.00(10). The New York State Police Superintendent decides licensing applications only for retired members of the New York State Police. *Id.* § 400.01. While the Superintendent does approve the curriculum for the training courses under N.Y. Penal Law § 400.00(19), Plaintiff's challenge is aimed solely at the hours requirement, which is set by statute, and not at the curriculum. Therefore, Plaintiff lacks standing to challenge the training requirement as to the State Defendants. *See Libertarian Party of Erie Cnty. v. Cuomo*, 970 F.3d 106, 122 (2d Cir. 2020) (in concealed-carry permit challenge, affirming dismissal of claims against the New York Governor, New York Attorney General and New York State Police Superintendent because "the only defendants to whom their alleged injuries were fairly traceable were the judges who denied their respective applications"), *abrogated in part on other grounds by Bruen*, 597 U.S. at 11.

### IV. CONCLUSION

Plaintiff has standing to challenge the constitutionality of N.Y. Penal Law § 400.00(19) as to the City Defendants but not the State Defendants. The appeal of the denial of the preliminary injunction as to the training requirement is still live. *See Corbett*, 2023 WL

7538202, at *2 ("Following the District Court's decision, any party to this appeal may restore jurisdiction to this Court within thirty days by letter to the Clerk's Office seeking review. The letter shall state that the case will be heard by this Panel upon letter briefs to be filed according to a schedule set by the Clerk. An additional notice of appeal will not be needed.").

For clarity, this decision does not affect the prior denial of the preliminary injunction as to the character references required by N.Y. Penal Law § 400.00(1)(o)(ii) and the social media disclosure requirement as defined in N.Y. Penal Law § 400.00(1)(o)(iv). By **August 16, 2024**, the parties shall file a joint letter stating whether they seek to continue the stay of discovery and/or the City Defendants' obligation to respond to the First Amended Complaint, along with the reason for the request.

The claims against the State Defendants -- New York Governor Kathleen Hochul, New York Attorney General Letitia James and former New York State Police Superintendent Kevin Bruen -- are dismissed. *See Do No Harm v. Pfizer Inc.*, 96 F.4th 106, 120 (2d Cir. 2024) ("[U]pon determining in the context of a preliminary injunction motion that a plaintiff lacks standing, a court should generally dismiss the plaintiff's claims."). The Clerk of Court is respectfully directed to remove them from the caption and the docket. The Clerk of Court is also respectfully directed to remove former NYPD Commissioner Keechant Sewell and to substitute in her place current NYPD Commissioner Edward A. Caban.

Dated: July 26, 2024
    New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**